J-S35039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VICTOR PEREZ :
:
Appellant : No. 1950 EDA 2019

Appeal from the Judgment of Sentence Entered May 22, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004137-2017

BEFORE: BOWES, J., STABILE, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.: **FILED OCTOBER 20, 2020**

Appellant, Victor Perez, appeals from the aggregate judgment of sentence of 10 to 20 years of confinement, which was imposed after his jury trial convictions for: manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance by a person not registered ("PWID"); intentionally possessing a controlled or counterfeit substance by a person not registered; use of or possession with intent to use drug paraphernalia; persons not to possess, use, manufacture, control, sell or transfer firearms; possession of firearm with altered manufacturer's number; and criminal conspiracy to commit PWID.[1] We remand for correction of the record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (16), (32); 18 Pa. C.S. §§ 6105(a)(1), 6110.2(a), and 903 (to commit 35 P.S. § 780-113(a)(30)), respectively.

In its opinion pursuant to Pa.R.A.P. 1925(b), the trial court fully and correctly set forth the relevant facts of this case. **See** Trial Court Opinion, dated October 15, 2019, at 1-3. Therefore, we have no reason to restate them.

On June 6, 2017, Sergeant Michael Regan of the Cheltenham Township Police Department executed a written criminal complaint against Appellant.[2] On October 11, 2018, Appellant filed a Motion to Dismiss Charges Pursuant to PA Rule of Criminal Procedure 600 ("Rule 600 Motion"), contending that the Commonwealth had violated Pa.R.Crim.P. 600(A)(2).[3] Rule 600 Motion, 10/11/2018, at ¶ 6. The Rule 600 Motion pleaded that, as of the date that it was filed, "the case has been pending for 493 days," because the Commonwealth "did not exercise due diligence" in bringing Appellant's case to trial. **Id.** at ¶¶ 8, 13. On October 15, 2018, the Commonwealth filed an Answer to the Rule 600 Motion. On October 15 and 24, 2018, the trial court held hearings on the Rule 600 Motion. No notes of testimony appear in the

---

[2] The handwritten date on the complaint was June 5, 2017. The docket lists the "Initiation Date" as June 6, 2017. The date-stamp on the complaint is June 7, 2017. In their briefs, both parties state that criminal charges were filed against Appellant on June 6, 2017, and we will accept this date as the "start date" for this action. Appellant's Brief at 11; Commonwealth's Brief at 4.

[3] Pa.R.Crim.P. 600(A)(2) lists five "time periods" by which "[t]rial shall commence[.]" The only one applicable to Appellant is Pa.R.Crim.P. 600(A)(2)(a): "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."

certified record for the second hearing on the Rule 600 Motion held on October 24, 2018.

On appeal, Appellant contends, *inter alia*, that the trial court erred by denying his Rule 600 Motion. Appellant's Brief at 10. The Commonwealth answers that said claim is waived due to the absence from the certified record of a transcript for the hearing October 24, 2018. Commonwealth's Brief at 8.

While the Commonwealth is correct that the notes of testimony from this second hearing are essential for us to determine the propriety of the trial court's denial of the Rule 600 Motion, Pa.R.A.P. 1926(b)(1) allows for correction of such omissions from the record as follows:

> If anything material to a party is omitted from the record by error, breakdown in the processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by . . . the appellate court . . . on its own initiative at any time; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary[.]

Pa.R.A.P. 1926(b)(1).

For the current appeal, there is no transcript order attached to the notice of appeal in the certified record. However, our review confirms that every other relevant transcript is present and accounted for in the certified record aside from this one. As such, it seems inexorable that Appellant must have ordered transcripts under Pa.R.A.P. 1911. It beggars our belief that Appellant would request all the transcripts in a case, save the one most crucial to his

appellate arguments. Even assuming that Appellant's counsel[4] did fail to order a transcript of the October 24, 2018, hearing, we are permitted to remand under Rule 1926 for correction.[5]

Case remanded for correction of the record. Jurisdiction retained.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>10/20/2020</u>

---

[4] We note that Appellant's defense counsel was replaced contemporaneously to the filing of an appeal in his case, *i.e.*, during the period of time when defendants are required to obtain and transmit transcripts.

[5] As we remand for correction of the record, we need not address Appellant's remaining issues at this time.